LAW OFFICES OF
**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
(415) 981-7210

MICHAEL A. KELLY (State Bar #71460)
MATTHEW D. DAVIS (State Bar #141986)
KHALDOUN A. BAGHDADI (State Bar #190111)
SPENCER J. PAHLKE (State Bar #250914)
CONOR M. KELLY (State Bar #264585)

ELIZABETH J. CABRASER (State Bar No. 083151)
KENT L. KLAUDT (State Bar No. 183903)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

WENDY R. FLEISHMAN (Pro Hac Vice application anticipated)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor New York, NY 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

**ATTORNEYS FOR PLAINTIFFS**

E-filing

FILED
2010 OCT 19 A 10: 51
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 10 4708

| | |
|---|---|
| ALISON PULITO and JAMES PULITO,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON SERVICES, INC.;<br>JOHNSON & JOHNSON, INC.; DEPUY<br>ORTHOPAEDICS, INC.; VAIL<br>CONSULTING, LLC; THOMAS VAIL, M.D.;<br>and THOMAS SCHMALZRIED, M.D.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1) Strict Liability—Manufacturing Defect;<br>(2) Strict Liability—Failure to Warn;<br>(3) Negligence—Design Defect;<br>(4) Negligence—Failure to Recall/Retrofit;<br>(5) Negligence—Failure to Warn;<br>(6) Loss of Consortium.<br><br>**DEMAND FOR JURY TRIAL** |

# INTRODUCTION

1.    This products liability lawsuit stems from the failure of the "ASR XL Acetabular System" and the "ASR Resurfacing System" (collectively, the "ASR System"), which are prosthetic hip implant devices.  While on the market, the ASR System was used to replace a patient's natural hip joint due to disease, deterioration, or fracture.  The hip joint, scientifically referred to as the acetabulofemoral joint, is the joint between the femur (thigh bone) and acetabulum (hip socket) of the pelvis and its primary function is to support the weight of the body in both static (*i.e..*, standing) and dynamic (*i.e..*, walking or running) postures.  After selling the ASR System for more than five years—during which time defendants received and concealed repeated warnings of aberrantly high failure rates—defendants finally recalled the device on August 26, 2010.

2.    Plaintiff Alison Pulito was implanted with the ASR System on September 18, 2006.  After the device was implanted in plaintiff's body, it failed as alleged below.

3.    Data and information that only recently became commonly known and publicly available show that the ASR System had aberrant and high rates of loosening, failure, and dangerous metal debris release, which caused patients to develop complications to the point where they had to undergo "revision" surgeries.  A revision surgery is a painful procedure during which some or all of the ASR System components are surgically removed ("explanted") from the patient's body and replaced with new components.  Plaintiff alleges that problems and defects with the ASR System, and defendant's other acts and omissions, some of which are presently unknown to plaintiff, were the cause of the failure of plaintiff's ASR System hip implant.

4.    Before the date of plaintiff's initial hip surgery, defendants knew that the ASR System was "too challenging" from the perspective of the implanting orthopedic surgeon, that it was defective and presented abnormally high risks of early failure, that it generated unusual and dangerous levels of metal debris accumulation in many patients' bodies, and that it caused other complications following implantation.  Despite both actual and constructive notice of such problems and defects, defendants continued to market, sell, promote and defend the defective device for years.  Defendants warned neither doctors nor patients of unacceptable risks presented

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

1   by the ASR System. Instead, defendants concealed the problems with the ASR System. As a

2   result, plaintiff was implanted with a defective device, developed painful and dangerous

3   complications, and had to undergo two unnecessary and painful revision surgeries, and will have

4   lifelong residual problems, as is hereinafter described.

5                                   **JURISDICTION AND VENUE**

6          5.      The subject matter jurisdiction of this Court is premised on 42 U.S.C. § 1332(a)(1).

7   The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the

8   action is between citizens of different states.

9          6.      This Court has personal jurisdiction over the defendants named herein because said

10  defendants have sufficient minimum contacts with the forum state upon which to predicate

11  personal jurisdiction. Additionally, defendants Vail Consulting, LLC, Thomas Vail, M.D., and

12  Thomas Schmalzried, M.D., reside in the forum state.

13         7.      Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial

14  part of the events or omissions giving rise to this claim occurred in this Court's judicial district,

15  because defendant Thomas Vail, M.D., resides in this District, and because defendant Vail

16  Consulting, LLC, has its principal place of business in this District.

17                                        **THE PARTIES**

18         8.      Plaintiff Alison Pulito is a resident of the State of North Carolina. She underwent a

19  left-sided hip resurfacing surgery on September 18, 2006 using the ASR system's acetabular cup

20  and resurfacing component. On October 3, 2008, the ASR System's defective acetabular cup had

21  to be removed and replaced in a procedure called a total hip replacement surgery. Thereafter, Ms.

22  Pulito was again required to undergo a revision surgery, the second revision occurring on October

23  1, 2010. During the October 3, 2008 and October 1, 2010 surgeries, plaintiff's surgeon and

24  medical staff met or exceeded the applicable standard of care. Plaintiff's husband, James Pulito, a

25  resident of the State of North Carolina, suffered a loss of consortium resulting from the failure of

26  the ASR System device implanted in his spouse.

27         9.      Defendant Johnson & Johnson Services, Inc. is a corporation organized and

28  existing under the laws of the State of New Jersey. Defendant Johnson & Johnson Services, Inc.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

3
COMPLAINT FOR DAMAGES

1   is a subsidiary of Defendant Johnson & Johnson, Inc.  At all times relevant to this action,

2   Defendant Johnson & Johnson Services, Inc. has conducted business in the County of San

3   Francisco, State of California, with its principal place of business located at One Johnson &

4   Johnson Plaza, New Brunswick, NJ 08933.  Defendant Johnson & Johnson Services, Inc.'s

5   registered agent for service of process is Johnson & Johnson, One Johnson & Johnson Plaza, New

6   Brunswick, NJ 08933.

7           10.     Defendant Johnson & Johnson, Inc. is a corporation organized and existing under

8   the laws of the State of New Jersey.  Defendant Johnson & Johnson, Inc. is the parent company of

9   Defendants Johnson & Johnson Services, Inc. and DePuy Orthopaedics, inc., Inc.  At all times

10  relevant to this action, defendant Johnson & Johnson, Inc. has conducted business in County of

11  San Francisco, California, with its principal place of business located at One Johnson & Johnson

12  Plaza, New Brunswick, NJ 08933.  Defendant Johnson & Johnson, Inc.'s registered agent for

13  service of process is Douglas K. Chin, One Johnson & Johnson Plaza, New Brunswick, NJ 08933.

14          11.     Defendants DePuy Orthopaedics, Inc. is a corporation organized and existing under

15  the laws of the State of Indiana.  At all times relevant to this action, defendant DePuy

16  Orthopaedics has conducted business in the County of San Francisco, State of California, with its

17  principal place of business located at 700 Orthopaedic Drive, Warsaw, IN 4658.  Defendant

18  DePuy Orthopaedics, Inc.'s registered agent for service of process is CT Corporation System, 251

19  East Ohio Street, Suite 1100, Indianapolis, IN  46204

20          12.     Johnson & Johnson Services, Inc. Johnson & Johnson, Inc., and DePuy

21  Orthopaedics, Inc. (hereafter, collectively, "DePuy") developed, manufactured, advertised,

22  promoted, marketed, sold and/or distributed the defective DePuy ASR and specifically, the

23  defective acetabular cup, throughout the United States.

24          13.     Defendant Thomas Parker Vail, M.D., (hereafter, "Dr. Vail") is an individual.

25  Plaintiff is informed and believes and thereon alleges that he resides in the County of San

26  Francisco, State of California.

27          14.     Defendant Vail Consulting LLC (hereafter, "Vail Consulting") is a North Carolina

28  limited liability corporation.  At all times relevant to this action, defendant Vail Consulting, LLC,

LAW OFFICES OF
**WALKUP, MELODIA, KELLY**
**& SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

4
COMPLAINT FOR DAMAGES

1   has conducted business in the County of San Francisco, with its principal office and place of

2   business located at 474 Clay Street, San Francisco, CA 94118.  Defendant Vail Consulting's agent

3   for service of process is Thomas P. Vail, 474 Clay Street, San Francisco, CA 94118.  Plaintiff is

4   informed and believes and on that basis alleges that Dr. Vail owns and controls Vail Consulting,

5   and that a primary purpose of said company is to collect royalty payments and consulting fees on

6   behalf of Dr. Vail that arise out of the ASR System.

7        15.     Defendant Thomas Schmalzried, M.D., (hereafter, "Dr. Schmalzried") is an

8   individual.  Plaintiff is informed and believes and thereon alleges that he resides in Los Angeles

9   County, State of California.

10                          **THE DePUY ASR SYSTEM**

11        16.     The ASR System is designed so that the natural hip joint is replaced with two

12   metallic components that articulate directly against one another.  A device designed to have direct

13   metallic articulation, without any sort of liner or buffer between ball and socket, is known within

14   the industry as a "metal-on-metal" system.

15        17.     There are two types of hip joint replacement surgeries: total hip replacement and

16   hip resurfacing.  Plaintiff Alison Pulito underwent hip resurfacing in her first surgery, on

17   September 18, 2006, and underwent total hip replacement during her first revision surgery on

18   October 3, 2008.

19        18.     In an ASR System metal-on-metal hip resurfacing surgery, two metallic

20   components are used: (1) a metallic acetabular cup and (2) and a metallic resurfacing component.

21   During the procedure, the surgeon first reams out the patient's natural acetabulum and inserts an

22   acetabular cup in the resulting space.  The surgeon often uses a hammer to tap the acetabular cup

23   into place.  Second, the surgeon turns attention to placing the metallic resurfacing component on

24   top of the natural femoral head.[1]  When implanted, the resurfacing component functions as a cap

25   on top of the femoral head, held in place by bone cement and a shaft that extends down into the

26

27   [1] The femur is known to most laypeople as the thigh bone.  It is the largest bone in the body.  The

28   acetabulum is the depression in the pelvis that laypeople call the hip socket.  In a healthy hip, the
     ball-shaped femoral head articulates in the acetabulum.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES

1  femoral neck. To place the resurfacing component, the surgeon initially reams out a small hole

2  down the center of the femoral neck. The surgeon then reams the top of the natural femoral head

3  to make fit inside the resurfacing component. After testing the fit between the natural femoral

4  head and the resurfacing component, the component is cemented into the femoral head.

5      19.    In an ASR system metal-on-metal total hip replacement surgery, three metallic

6  components are used: (1) a metal femoral stem; (2) a ball-shaped metal femoral head that connects

7  to the top of the femoral stem; and (3) a metal acetabular cup, the same one used during a

8  resurfacing procedure. During total hip replacement surgery, the patient's natural femoral head is

9  removed. The surgeon then hollows out a portion of the top of the femur and inserts the femoral

10  stem into the remaining femur. One end of the femoral stem is designed to fit into the hollowed

11  out femur, and the ball-shaped femoral head is affixed to other end of the stem. As with the

12  resurfacing procedure, the surgeon reams out the patient's natural acetabulum and inserts the

13  acetabular cup into the resulting space. The surgeon then fits the ball of the femoral stem into the

14  inside of the acetabular cup.

15      20.    With both ASR System metal-on-metal hip resurfacing and total hip replacement,

16  the metallic components are designed to articulate against each other and function like a natural

17  hip once the healing process is completed.

18      21.    Shown below is a photo of the ASR System resurfacing components.



LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

22. The ASR System's acetabular cup has several differences from the acetabular cups in other existing hip prostheses. The ways the ASR System's acetabular cup differs from industry norms include the following: (a) the cup is thinner than other devices; (b) the cup is double-heat treated, as opposed to single-heat treated; (c) the cup's circumference is less than other devices; (d) the cup's outer shell lacks reliable bone ingrowth compounds and materials; (e) the cup offers no means of obvious fixation (such as a flange or a screw) that permits the surgeon to fasten it to the patient's reamed out acetabulum (instead, the patient's bone is expected to grow into the porous exterior of the cup—a process called "bony ingrowth"); and (f) the cup provides an insufficient amount of clearance between the cup and the ball-shaped femoral head.

23. Dr. Vail, Dr. Schmalzried, DePuy and others designed and developed the ASR System. On or about August 5, 2005, defendants began to market the ASR System in the United States.

24. The makers of other metal-on-metal prosthetic hip devices carefully screened, selected and trained those orthopedic surgeons who would be authorized to use their devices. The training focused on how to properly implant the other companies' devices. Defendants, however, did not screen, select or train surgeons on how to implant the ASR System. Instead, they aggressively marketed, promoted and encouraged orthopedic surgeons in the United States to adopt and use the ASR System, giving these surgeons little or no training or guidance on how to implant it.

25. After its introduction onto the United States market in 2005, DePuy, Dr. Vail and Dr. Schmalzried remained actively involved in promoting, marketing and defending the ASR System. For example:

a. In or about 2006, DePuy distributed a glossy 24-page brochure to orthopedic surgeons all over the United States. The purpose of that brochure was to encourage orthopedic surgeons to implant the ASR System into their patients. Head shot photographs of Dr. Vail and Dr. Schmalzried appeared on the second page of the brochure with the following text:

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

"The ASR™ XL metal-on-metal articulation product rationale has been developed in collaboration with Thomas Schmalzried, M.D. [and] Thomas Parker Vail, M.D."

        b.      Plaintiff is informed and believes, and on that basis alleges, the following with regard to Dr. Vail's and Dr. Schmalzried's ongoing involvement with the DePuy ASR device:

                i.      On numerous occasions between 2005 and 2010, Dr. Vail and/or Dr. Schmalzried met with orthopedic surgeons who had implanted the ASR System and who had questions or concerns about the device. Such concerns included, without limitation, that the ASR System did not perform as expected, failed frequently, generated excessive and dangerous levels of metal debris, and had disastrous complications and side effects in some patients.

                ii.     At some or all of these meetings, a representative or representatives of DePuy was present.

                iii.    Dr. Vail, Dr. Schmalzried and the DePuy representatives assured the orthopedic surgeons during these meetings that the ASR System was safe, was the best product on the market, had an excellent track record and a low and acceptable failure rate.

                iv.    Dr. Vail, Dr. Schmalzried and the DePuy representatives vigorously "defended" the ASR System during these meetings, stating or implying that any problem with the ASR System in a particular patient was attributable to "surgical technique" (*i.e.*, was the fault of the implanting orthopedic surgeon and not caused by the device).

                v.     Dr. Vail, Dr. Schmalzried and the DePuy representatives made such statements during these meetings, even after they became aware of numerous and serious complications with the ASR System.

                vi.    Dr. Vail, Dr. Schmalzried and the DePuy representatives did not reveal (and instead concealed) their knowledge of numerous and serious complications and other "bad data" during their meetings with orthopedic surgeons.

        c.      Between 2005 and 2010, DePuy paid millions of dollars in royalties and consulting fees to Dr. Vail, Vail Consulting and Dr. Schmalzried.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES

1    26.    Plaintiff is informed and believes and on that basis alleges that each and every of

2    the defendants was the agent, co-conspirator, servant, employee, partner, joint venturer, alter ego,

3    affiliate, and/or franchisee of each of the other defendants, and each was at all times acting in

4    concert with each other, within the scope of such agency, service, partnership, employment, joint

5    venture, conspiracy, affiliation and/or franchise.

6    27.    In or about 2005, experts in the field of prosthetic hip implants and implantation

7    expressly advised and warned DePuy that the ASR System was defective in both design and

8    manufacture, and likely to fail at an unacceptably high rate and in a dangerous fashion. Among

9    other things, these experts expressly warned DePuy that the ASR System would generate

10    excessive metal debris in the patient's body. Plaintiff is informed and believes and on that basis

11    alleges that Dr. Vail and Dr. Schmalzried received or were made aware of these warnings.

12    28.    On or before September 18, 2006, the date of plaintiff's initial hip resurfacing

13    surgery, defendants knew or should have known that the ASR System was failing and causing

14    serious complications after implantation in many patients. Such complications included, but were

15    not limited to, the patient developing: bone cysts; pseudo-tumors; metallosis and osteolysis; high

16    levels of metal ions (particularly chromium and cobalt) in the bloodstream; detachment,

17    disconnection, and/or loosening of the acetabular cup in the patient; loosening of the femoral

18    component in the patient; and other complications requiring revision surgery. Defendants,

19    however, actively concealed this information and spread false information by, among other things,

20    having meetings with concerned orthopedic surgeons as alleged in paragraph 25.b, above.

21    29.    Before the date of plaintiff's initial hip surgery, defendants knew or should have

22    known that the ASR System was defective and unreasonably harmful to patients and that the

23    product had an unacceptable failure and complication rate.

24    30.    Before the date of plaintiff's initial hip surgery defendants knew that the design of

25    the ASR System posed too much of a "challenge" for orthopedic surgeons to implant without

26    complication. According to an article published in the *New York Times* on March 9, 2010 ("With

27    Warning, a Hip Device Is Withdrawn"), Dr. Schmalzried admitted to a reporter that he and DePuy

28    officials realized within the last two years that the ASR cup might be more of a challenge to

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

9
COMPLAINT FOR DAMAGES

1    implant properly than competing cups. He is quoted in that article as saying, "The window for

2    component position that is consistent for good, long-term clinical function is smaller for the ASR"

3    than other cups.

4           31.     Defendants had legal and moral obligations to stop promoting, marketing, selling

5    and defending the ASR System. Defendants should have instead notified physicians who had

6    implanted the ASR System of the device's propensity to fail, and for some patients to develop

7    extremely adverse reactions to the high level of metal debris generated by normal use of the

8    device. Defendants should have attempted to convey this same information to patients who had

9    been implanted with the ASR System. Nonetheless, defendants did not notify doctors or patients

10   of the risks the device presented. Instead, defendants concealed this material information, while

11   continuing to market, promote, defend and distribute the product up until March 2010.

12          32.     Finally, on August 26, 2010, DePuy recalled the ASR System from the United

13   States market. Almost five years after the defendants introduced and distributed the ASR System

14   on the United States market, DePuy finally acknowledged the device's elevated failure rate.

15   DePuy has now informed orthopedic surgeons that it believes the failure rate for the ASR System

16   will be between 12 and 13 percent.

17   **PLAINTIFF'S REPLACMENT AND REVISION SURGERY**

18          33.     On September 18, 2006, plaintiff underwent a left-sided hip resurfacing surgery

19   using the ASR System. The procedure was performed at Duke University Medical Center in the

20   City of Durham, State of North Carolina. As a result of the design, manufacture and composition

21   of that device, and its accompanying warnings and instructions (or lack thereof), the acetabular

22   cup eventually detached, disconnected, created metallic debris, and/or loosened from plaintiff's

23   acetabulum, caused her severe pain, inhibited her ability to walk, and required a revision surgery.

24          34.     In late 2007 and 2008, popping and clicking noises started to emanate from

25   plaintiff's left hip. As time passed, the popping and clicking proved so disconcerting, and her hip

26   so painful, that a revision surgery was necessary. The revision surgery, which involved a total hip

27   replacement, was performed on October 3, 2008. Thereafter, the acetabular cup from the revision

28   surgery again loosened requiring a second revision surgery, which was performed on October 1,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

10
COMPLAINT FOR DAMAGES

1 | 2010. Plaintiff is informed and believes, and on that basis alleges, that the second revision surgery

2 | was a proximate and legal result of the original ASR System's design, manufacture and

3 | composition, and its accompanying warnings and instructions (or lack thereof).

4 |      35.    As a direct and legal consequence of the ASR System, and its defects as described

5 | herein, plaintiff was required to live with debilitating pain, grinding, and clicking for several

6 | months, suffer inhibition of her ability to walk, and undergo and recover from two painful left hip

7 | revision surgeries.

8 | **FIRST CAUSE OF ACTION**<br>**[Strict Liability—Manufacturing Defect]**

9 |

10 | For a First Cause of Action, plaintiff complains of defendants and alleges as follows:

11 |      36.    Plaintiff hereby incorporates by reference paragraphs 1 through 35 herein, as

12 | though alleged fully in this Cause of Action.

13 |      37.    Prior to, on, and after the date of plaintiff's initial hip surgery, and at all relevant

14 | times, defendants designed, distributed, manufactured, sold, and marketed the ASR System for

15 | implantation into consumers, such as plaintiff, by physicians and surgeons in the United States.

16 |      38.    At all times herein mentioned, the defendant designed, distributed, manufactured,

17 | marketed and sold the above-described ASR System, which was implanted in plaintiff, such that it

18 | was dangerous, unsafe, and defective in manufacture.  Said defects included, but were not limited

19 | to, the fact that the ASR System's acetabular cup had a tendency to detach, disconnect, and/or

20 | loosen from a patient's acetabulum, cause pain, inhibit walking, and require revision surgery.

21 | Said defects also included causing the ASR System to generate dangerous and harmful levels of

22 | metal debris in the patient's body.

23 |      39.    Plaintiff is informed and believes and on that basis alleges that the ASR System

24 | implanted in plaintiff contained a manufacturing defect, in that it differed from the manufacturer's

25 | design or specifications, or from other typical units of the same product line.

26 |      40.    Plaintiff's physicians employed the ASR System in the manner in which the ASR

27 | System was intended to be used, making such use reasonably foreseeable to defendants.

28 |

LAW OFFICES OF
**WALKUP, MELODIA, KELLY**
**& SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

41.     As a direct and proximate result of defendant's design, manufacture, marketing, and sale of the ASR System prior to, on, and after the date of plaintiff's initial hip surgery, plaintiff suffered the injuries herein described.

42.     Defendants' design, manufacture, marketing, promotion, defense and sale of the ASR System was a substantial factor in causing plaintiff's injuries, as described herein.

43.     By reason of the premises, and as a direct and legal result of defendants' design, distribution, manufacture, marketing, and sale of the ASR System, plaintiff suffered acetabular cup detachment, disconnection, creation of metallic debris, and/or loosening, pain, inhibition of the ability to walk, unnecessary and additional surgeries, and other injuries presently undiagnosed.

44.     By reason of the premises, and as a direct and legal result thereof, it became necessary for plaintiff to incur expenses for doctors, hospitals, surgeries, nurses, and other reasonably required and medically necessary supplies and services, which said services are still continuing.  Plaintiff prays leave to amend this Complaint to insert her elements of damage in this respect when the same are finally determined.

45.     By reason of the premises, and as a direct and legal result thereof, plaintiff has been unable at times to attend her regular employment, and her earning capacity has been diminished to her special damage in a presently unascertained sum as said loss is not yet finally determined. Plaintiff prays leave to amend this Complaint in this respect when these elements of damage are finally determined.

46.     By reason of the premises, and as a direct and legal result thereof, plaintiff has suffered and sustained general (non-economic) damages in a sum in excess of the minimum jurisdictional limits of this Court.

WHEREFORE, plaintiff demands judgment against the defendants as hereinafter set forth.

## SECOND CAUSE OF ACTION
### [Strict Liability—Failure to Warn]

Plaintiff complains of defendants and for a Second Cause of Action alleges as follows:

47.     Plaintiff hereby incorporates by reference paragraphs 1 through 46 herein, as though alleged fully in this Cause of Action.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

48.    Prior to, on, and after the date of plaintiff's initial hip surgery, and at all relevant times, defendants manufactured, distributed, and sold the ASR System for implantation into consumers, such as plaintiff, by physicians and surgeons in the United States.

49.    The ASR System had potential risks and side effects that were known or knowable to defendant by the use of scientific knowledge available before, at and after the time of manufacture, distribution, and sale of the ASR System.  Defendant knew or should have known of the defective condition, characteristics, and risks associated with said product, as previously set forth herein.

50.    The ASR System that was manufactured, distributed, and sold by the defendant to plaintiff was in a defective condition that was unreasonably and substantially dangerous to any user or ordinary consumer of the device, such as plaintiff.  Such ordinary consumers, including plaintiff, would not and could not have recognized or discovered the potential risks and side effects of the ASR System as set forth herein.

51.    The warnings and directions provided with the ASR System by defendant failed to adequately warn of the potential risks and side effects of the ASR System and the dangerous propensities of said medical device, which risks were known or were reasonably scientifically knowable to defendant.

52.    Defendant's ASR System components were expected to and did reach plaintiff and her physicians without substantial change in their condition as manufactured, distributed, and sold by defendant. Additionally, plaintiff's physicians used the ASR System in the manner in which the ASR System was intended to be used, making such use reasonably foreseeable to defendant.

53.    As a direct and proximate result of defendant's manufacture, distribution, and sale of the ASR System, plaintiff suffered the injuries herein described.

54.    Defendant's lack of sufficient instructions or warnings prior to, on, and after the date of plaintiff's initial hip surgery was a substantial factor in causing plaintiff's injuries and damages, as described herein.

WHEREFORE, plaintiff demands judgment against the defendant as hereinafter set forth.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES

1

2

### THIRD CAUSE OF ACTION
[Negligence—Design, Manufacture and Sale]

3      Plaintiff complains of defendants and for a Third Cause of Action alleges as follows:

4      55.      Plaintiff hereby incorporates by reference paragraphs 1 through 54 herein, as

5      though alleged fully in this Cause of Action.

6      56.      Prior to, on, and after the date of plaintiff's initial hip surgery, and at all relevant

7      times, defendants designed, tested, distributed, manufactured, advertised, sold, and marketed the

8      ASR System for implantation into consumers, such as plaintiff, by physicians and surgeons in the

9      United States.

10      57.      Prior to, on, and after the date of plaintiff's initial hip surgery, the defendants were

11      negligent and careless in and about their design, testing, distribution, manufacture, advertising,

12      sale and marketing of the above-described ASR System.

13      58.      Prior to, on, and after the date of plaintiff's initial hip surgery, the defendants

14      performed inadequate evaluation and testing of the ASR System where such evaluation and testing

15      would have revealed the propensity of the ASR System's acetabular cup to detach, disconnect,

16      create metallic debris and/or loosen from the acetabulum, and to cause pain, inhibition of the

17      ability to walk, and require revision surgery.

18      59.      Prior to, on, and after the date of plaintiff's initial hip surgery, the defendants had

19      received complaints from healthcare providers that the ASR System caused serious complications

20      including detachment, disconnection, creation of metallic debris and/or loosening of the acetabular

21      cup from the acetabulum, but defendants consciously decided not to: perform any further testing

22      on the ASR System; investigate the root cause of these complications; suspend sales and

23      distribution; or warn physicians and patients of the propensity of the device's acetabular cup to

24      detach, disconnect, create metallic debris and/or loosen from the acetabulum.

25      60.      As a direct and proximate result of the above-described negligence in design,

26      testing, distribution, manufacture, advertising, sales and marketing, plaintiff suffered the injuries

27      herein described.

28

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

14
COMPLAINT FOR DAMAGES

1    61.    Defendants' negligence in design, testing, distribution, manufacture, advertising,

2    sales, and marketing prior to, on, and after the date of plaintiff's initial hip surgery was a

3    substantial factor in causing plaintiff's injuries and damages, as described herein.

4    WHEREFORE, plaintiff demands judgment against the defendants as hereinafter set forth.

5    **FOURTH CAUSE OF ACTION**
**[Negligence—Failure To Recall/Retrofit]**

6

7    Plaintiff complains of defendants and for a Fourth Cause of Action alleges as follows:

8    62.    Plaintiff hereby incorporates by reference paragraphs 1 through 61 herein, as

9    though alleged fully in this Cause of Action.

10    63.    Prior to, on, and after the date of plaintiff's initial hip surgery, and at all relevant

11    times, defendants designed, distributed, manufactured, sold, and marketed the ASR System for

12    implantation into consumers, such as plaintiff, by physicians and surgeons in the United States.

13    64.    Prior to, on, and after the date of plaintiff's initial hip surgery, defendants knew or

14    reasonably should have known that the ASR System and its warnings were dangerous or were

15    likely to be dangerous when used in a reasonably foreseeable manner.

16    65.    Prior to, on, and after the date of plaintiff's initial hip surgery, defendants became

17    aware of the defects of the ASR System, including the propensity of its acetabular cup to detach,

18    disconnect, create metallic debris and/or loosen from the acetabulum.

19    66.    Defendants failed to recall, retrofit, or warn patients or physicians about the danger

20    of the device prior to, on, and after the date of plaintiff's initial hip surgery, and continued to fail

21    to recall the device until August 26, 2010.

22    67.    In light of the severity and amount of the complaints transmitted to defendants and

23    the additional available data, reasonable manufacturers and distributors under the same or similar

24    circumstances would have recalled or retrofitted the ASR System well in advance of August 26,

25    2010, and would thereby have avoided and prevented harm to hundreds or thousands of patients.

26    68.    As a direct and proximate result of the above-described negligent failure to recall or

27    retrofit, plaintiff suffered the injuries herein described.

28

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

15
COMPLAINT FOR DAMAGES

69.     Defendants' negligent failure to recall or retrofit the ASR System and its warnings until August 26, 2010 was a substantial factor in causing plaintiff's injuries and damages, as described herein.

WHEREFORE, plaintiff demands judgment against the defendants as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**[Negligence—Failure to Warn]**

Plaintiff complains of defendants and for a Fifth Cause of Action alleges as follows:

70.     Plaintiff hereby incorporates by reference paragraphs 1 through 69 herein, as though alleged fully in this Cause of Action.

71.     Prior to, on, and after the date of plaintiff's initial hip surgery, and at all relevant times, defendants designed, distributed, manufactured, sold, and marketed the ASR System for implantation into consumers, such as plaintiff, by physicians and surgeons in the United States.

72.     Prior to, on, and after the date of plaintiff's initial hip surgery, defendants knew or should have known that the ASR System was dangerous or was likely to be dangerous when used in a reasonably foreseeable manner.  Such danger included the propensity of the device's acetabular cup to detach, disconnect, create metallic debris, and/or loosen from a patient's acetabulum, cause pain, inhibit walking, and require revision surgery.

73.     Prior to, on, and after the date of plaintiff's initial hip surgery, defendants knew or reasonably should have known that the users of the device, including plaintiff, would not realize the dangers presented by the device.

74.     Prior to, on, and after the date of plaintiff's initial hip surgery, defendants failed to adequately warn of the dangers presented by the device and/or failed to instruct on the safe use of the device.  Such failures to warn and/or instruct included, but were not limited to: failing to advise of the known or knowable risks, dangers, and side effects associated with the use of the ASR system; failing to properly advise of the means and methods available for the elimination of the risks, dangers, and side effects associated with the ASR System, including acetabular cup detachment, disconnection, creation of metallic debris and/or loosening from the acetabulum; failing to warn physicians about the risks, dangers, and side effects associated with the ASR

LAW OFFICES OF
**WALKUP, MELODIA, KELLY
& SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

16
COMPLAINT FOR DAMAGES

1   System, including the rate of acetabular cup detachment, disconnection, creation of metallic debris

2   and/or loosening from the acetabulum, as well as associated complications; and failing to warn

3   consumers about the risks, dangers, and side effects associated with the ASR System, including

4   the rate of acetabular cup detachment, disconnection, creation of metallic debris and/or loosening

5   from the acetabulum, as well as associated complications, and the signs and symptoms of

6   detachment, disconnection, creation of metallic debris, loosening and/or associated complications

7   for which medical attention should be sought.

8         75.     Reasonable manufacturers and reasonable distributors, under the same or similar

9   circumstances as those of defendants prior to, on, and after the date of plaintiff's initial hip

10   surgery, would have warned of the dangers presented by the ASR System, or instructed on the safe

11   use of the ASR System.

12         76.     Prior to the date of plaintiff's initial hip surgery, the ASR System had already

13   caused numerous instances of the acetabular cup becoming detached, disconnected, and/or

14   loosened from patients' acetabulum, along with associated creation of metallic debris.  Defendants

15   consciously decided neither to warn physicians or patients of the ASR System's increased

16   propensity to cause these serious complications, nor of the signs and symptoms of these

17   complications.

18         77.     Defendants' negligent failure warn prior to, on, and after the date of plaintiff's

19   initial hip surgery was a substantial factor in causing plaintiff's injuries and damages, as described

20   herein.

21         WHEREFORE, plaintiff demands judgment against the defendants as hereinafter set forth.

22                      **SIXTH CAUSE OF ACTION**

                      **[Loss of Consortium]**

23

24         Plaintiff James Pulito complains of defendants and for a Sixth Cause of Action alleges as

25   follows:

26         78.     Plaintiff hereby incorporates by reference paragraphs 1 through 77 herein, as

27   though alleged fully in this Cause of Action.

28

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

COMPLAINT FOR DAMAGES

79.   Plaintiff is, and at all times herein mentioned was, the lawful husband of plaintiff Alison Pulito.

80.   As a direct, legal, and proximate result of the culpability and fault of the defendants, be such fault through strict liability or negligence, plaintiff James Pulito suffered the loss of support, service, love, companionship, affection, society, intimate relations, and other elements of consortium, all to his general damage in an amount in excess of the jurisdictional minimum of this Court.

WHEREFORE, plaintiff demands judgment against the defendants as hereinafter set forth.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand judgment against the defendants as follows:

1.   For general (non-economic) damages according to proof at the time of trial;

2.   For special (economic) damages according to proof at the time of trial;

3.   For prejudgment interest as permitted by law;

4.   For costs of suit incurred herein as permitted by law;

5.   For such other and further relief as this Court may deem proper.

Dated: October 15, 2010                    WALKUP, MELODIA, KELLY & SCHOENBERGER

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

MATTHEW D. DAVIS
Attorneys for Plaintiffs

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

1

2

3

**DEMAND FOR JURY TRIAL**

4

Plaintiffs hereby demand a trial by jury.

5

Dated: October 15, 2010                    WALKUP, MELODIA, KELLY & SCHOENBERGER

6

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

7

8

MATTHEW D. DAVIS

9

Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

19
COMPLAINT FOR DAMAGES